

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

STEPHANIE SUE CARLSON

       Plaintiff

    v.             CIVIL ACTION NO. **3 :11** -cv- **066** RLY-WGH

CSX TRANSPORTATION

       Defendant

## COMPLAINT FOR JURY TRIAL

Comes the plaintiff, Stephanie Sue Carlson, by counsel, and, for her Complaint herein, states as follows:

### I.   JURISDICTION

1.   This action arises under Title VII of the Civil Rights Act of 1964 and The Age Discrimination in Employment Act (ADEA).

2.   Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C.A. § 2000(e)(2); 42 U.S.C.A. § 2000(e)(3), and 29 U.S.C.A. § 623.

3.   This Court has jurisdiction under Article III, § 2, of the United States Constitution, 42 U.S.C.A. § 2000(e)(5), 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343, and 29 U.S.C.A. § 626(c).

4.   All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C.A. § 2000(3)(5)(f)(3), have been satisfied in that:

a.  Plaintiff filed a charge of employment
    discrimination on the basis of age, sex,
    and retaliation for engaging in a
    protected activity with the Equal
    Employment Opportunity Commission (EEOC)
    within 180 days of the alleged employment
    discrimination against her on the basis of
    age (age 51  years); sex (female), and
    in retaliation for engaging in a protected
    activity.

b.  The EEOC issued a "right to sue" letter
    to plaintiff on February 16, 2011.

c.  Plaintiff has filed this Complaint within
    90 days of receiving the "right to sue"
    letter from the EEOC.

5.  At all times material, Defendant was an employer within the meaning of 42 U.S.C.A. § 2000(e) and has more than 500 employees.

6.  At all times materials, Plaintiff was an employee of Defendant within the meaning of U.S.C.A. § 2000(e).

## II.  VENUE

7.  Venue is established in this judicial district under 42 U.S.C.A. § 2000(e)(5) in that the unlawful employment practices alleged in this Complaint were primarily committed in Vanderburgh County, Indiana.

## III.  PARTIES

8.  Plaintiff is a citizen of the United States and a resident of Evansville, Vanderburgh County, Indiana.

9.  The defendant is a corporation with its principal place of business located in Jacksonville, Florida, and operates

and does business in Vanderburgh County, Indiana, at 2710 Dixie

Flyer Road, Evansville, Indiana, 47712.

## IV.  FACTUAL ALLEGATIONS

10.  The plaintiff, Stephanie Sue Carlton, is a female and is over the age of 40 (age 51).

11.  The defendant, CSX Transportation, Inc., hired the plaintiff on or about the 18th day of March, 2002.

12.  At all times relevant hereto, the plaintiff's work performance has met and/or exceeded the defendant's legitimate expectations.

13.  On or about September 25, 2007, the plaintiff timely filed a lawsuit against the defendant alleging unlawful violations of the plaintiff's right under The Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.

14.  The aforesaid lawsuit was ultimately resolved.

15.  Prior to March, 2008, Plaintiff had been employed by Defendant as a Clerk.

16.  On or about March 5, 2008, during the pendency of the lawsuit, Plaintiff was promoted to the position of Substitute Yardmaster.

17.  Plaintiff was trained in and performed the position of Substitute Yardmaster until approximately January, 2009.

18.  The position of Substitute Yardmaster pays more than the position of Clerk.

19.   On or about January 12, 2009, during the pendency of the aforementioned lawsuit and in response to allegations contained therein, Defendant placed Plaintiff in its manager trainee program.

20.   Due to consistent and repeated belittlement, undue criticism and harassment to which Plaintiff was subjected in the manager trainee program, Plaintiff was constructively discharged and/or resigned under duress from said program on or about May 28, 2009.

21.   Upon leaving the defendant's manager trainee program, the plaintiff attempted to return to her previous position as a Substitute Yardmaster with the defendant.

22.   The plaintiff was denied access to her previous employment position as Substitute Yardmaster and therefore returned to the position as Clerk for the defendant in Evansville, Indiana.

23.   The plaintiff filed an EEOC complaint in October, 2009, alleging discrimination in being forced to resign from Defendant's management trainee program and in not being allowed to return to her previous position as Substitute Yardmaster based on her sex, age and retaliation for engaging in a protected activity.

24.   On November 20, 2010, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff, and Plaintiff has now

filed a lawsuit in the United States District Court, Northern District of Alabama, Northern Division, Civil Action No. CV-11-JEO-0871-S, based on the prior complaint.

25. On or about June 1, 2010, Defendant posted openings for Substitute Yardmaster positions in Evansville, Indiana, where Plaintiff works for Defendant as a Clerk.

26. On or about June 3, 2010, Plaintiff applied for the posted Substitute Yardmaster position in Evansville, Indiana.

27. Plaintiff passed a prerequisite test for the position of Substitute Yardmaster and was qualified for the position.

28. On or about June 6, 2010, Defendant advised Plaintiff that her application for the position of Substitute Yardmaster had been received.

29. On or about June 10, 2010, Plaintiff was advised by Defendant that she was not selected for the position of Substitute Yardmaster.

30. Plaintiff subsequently requested that she be interviewed for the position of Substitute Yardmaster, but Defendant denied an interview.

31. The persons interviewed and selected for the positions of Substitute Yardmaster were not as qualified as Plaintiff for the positions.

32. Defendant's refusal to interview Plaintiff for the position of Substitute Yardmaster and Defendant's refusal to

promote Plaintiff to that position which Plaintiff had previously held, was based on discrimination against Plaintiff for her sex (female), her age (over 40), and in retaliation for Plaintiff's prior EEOC complaints and lawsuit, all protected activities.

33.   The conduct of Defendant constituted unlawful employment practices in violation of 42 U.S.C.A. § 2000(e)(2), 42 U.S.C.A. § 2000(e)(3) and 29 U.S.C.A. § 623.

34.   The conduct of Defendant was committed through its employees, servants and agents, all of whom were acting within the scope and course of their employment.

35.   Defendant engaged in the described unlawful employment practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

36.   Plaintiff has suffered loss of past and future wages, emotional distress, embarrassment and humiliation as a result of the described unlawful employment practices of Defendant.

<u>**COUNT I**</u>

<u>**AGE DISCRIMINATION**</u>

37.   The plaintiff, Stephanie Sue Carlson, hereby incorporates by reference, as if fully set forth, paragraphs 1 - 36 of her Complaint herein.

38.   In its refusal to interview Plaintiff and promote her to the position of Substitute Yardmaster for the openings in

6

that position posted for Evansville, Indiana, by Defendant on or about June 1, 2010, Defendant discriminated against Plaintiff and gave differential treatment to others based on Plaintiff's age.

39.   The defendant's unlawful actions were intentional, willful, and done in reckless disregard of the plaintiff's federally protected rights as protected by The Age Discrimination in Employment Act, 29 U.S.C.A. § 626 and in violation of said statute.

## COUNT II

## SEX DISCRIMINATION

40.   The plaintiff, Stephanie Sue Carlson, hereby incorporates by reference, as if fully set forth, paragraphs 1 – 39 of her Complaint herein.

41.   In its refusal to interview Plaintiff and promote her to the position of Substitute Yardmaster for the openings in that position posted for Evansville, Indiana, by Defendant on or about June 1, 2010, Defendant discriminated against Plaintiff and gave differential treatment to others based on Plaintiff's sex (female).

42.   The defendant's unlawful actions were intentional, willful, and done in reckless disregard of the plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964.

## COUNT III

## RETALIATION

43.   The plaintiff, Stephanie Sue Carlson, hereby incorporates by reference, as if fully set forth paragraphs 1 - 42 of her Complaint herein.

44.   The defendant's unlawful actions were intentional, willful and done in reckless disregard of Plaintiff's federally protected rights and in retaliation against Plaintiff for her prior EEOC complaints and lawsuit, practices protected under Title VII of the Civil Rights Act of 1964, and in violation of U.S.C.A. § 2000(e)(3)(a).

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Stephanie Sue Carlson, respectfully requests that this Court issue a finding on her behalf and order that:

1.   Defendant's conduct as set forth above to be in violation of Plaintiff's rights as secured by 42 U.S.C.A. § 2000(e)(2);

2.   Defendant's conduct as set forth above to be in violation of Plaintiff's rights as secured by 42 U.S.C.A. § 2000(e)(3);

3.   Defendant's conduct as set forth above to be in violation of Plaintiff's rights as secured by 29 U.S.C.A. § 623.

4.   Defendant place the plaintiff in a position of Substitute Yardmaster for which she has applied with the commensurate salary, benefits and seniority or pay front pay to her in lieu of said placement;

5.   Defendant pay lost wages and benefits to Plaintiff;

6.   Judgment against Defendant assessing compensatory and punitive damages to Plaintiff;

7.   Judgment against Defendant assessing liquidated damages to Plaintiff;

8.   Judgment against Defendant assessing pre-judgment and post-judgment interest to the plaintiff;

9.   Judgment against Defendant for Plaintiff's attorney fees and costs incurred in litigating this action;

10.   Any such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all counts of this Complaint.

Respectfully submitted,

BIXLER W. HOWLAND, P.S.C.

Bixler W. Howland
414 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 582-3711
Facsimile: (502) 587-6741

Attorney for Plaintiff,
Stephanie Sue Carlson